NEAVE BUILDING CO. v. WILLIAM A. ROUDEBUSH, ADMR.

**Refusal of Window Cleaner to use Safety Devices or Clean Windows from Inside Precludes Recovery in Absence of Evidence Direct or Indirect of Negligence by Building Owners.**

Refusal of a window cleaner to use a safety belt or other device to prevent falling, and for which he had been threatened with discharge for his carelessness in that regard, or to clean the windows from the inside when they might have been cleaned safely by so doing, in the absence of direct proof of negligence on the part of the owners of the building or of facts from which negligence reasonably might have been presumed, requires reversal of a judgment for damages in favor of his administrator.

ERROR to common pleas court.

*Robertson & Buchwalter*, and *Theo. C. Jung*, for plaintiff in error.

*Louis B. Sawyer*, for defendant in error:

Cited and commented upon by the following authorities:
*Cleveland, T. & V. Ry.* v. *Marsh*, 63 Ohio St. 236 [58 N. E.

Building Co. v. Roudebush.

Rep. 821; 52 L. R. A. 142]; *Lake Shore & M. S. Ry.* v. *Andrews,* 58 Ohio St. 426 [51 N. E. Rep. 26]; *Crawford* v. *Railway,* 13-23 O. C. C. 207 (3 N. S. 144); *Gerwe* v. *Fireworks Co.* 5 Circ. Dec. 616 (12 R. 420); *Hunt* v. *Caldwell,* 11 Circ. Dec. 562 (22 R. 283); *Taylor* v. *Yonkers,* 105 N. Y. 202 [11 N. E. Rep. 642, 59 Am. Rep. 492]; *Narramore* v. *Railway,* 10 O. F. D. 7 (42 Bull. 247; 96 Fed. Rep. 298]; *Laidlaw-Dunn-Gordon Co.* v. *Miller,* 31 O. C. C. 559 (12 N. S. 246); *Milburn Wagon Co.* v. *Gawronski,* 33 O. C. C. 1 (14 N. S. 449); affirmed, no op., *Milburn Wagon Co.* v. *Gawronski,* 81 Ohio St. 565; *Casey* v. *Rahn,* 12 Dec. 597; *Ziehr* v. *Paper Co.* 28 O. C. C. 342 (7 N. S. 144); *McGarvey* v. *Railway,* 83 Ohio St. 273 [94 N. E. Rep. 424].

**JONES, O. B., J.**

The action in the court below was brought by William A. Roudebush as administrator of Clarence Henson, deceased, for damages on account of the alleged wrongful death of said Clarence Henson on January 6, 1911.

The deceased was in the employ of the Neave Building Company as window washer and helper in the building. The trial below resulted in a verdict and judgment in favor of the plaintiff, from which error is prosecuted to this court by the defendant. Three grounds of negligence were complained of in the petition below: first, that the deceased was ordered to wash windows at a time when the window sills were covered with snow, which made the cleaning of said windows very difficult and dangerous on said day; second, that the defendant failed to comply with the city ordinance requiring windows above the second floor to be equipped with safety devices, or to provide in any manner for the safety of plaintiff's intestate while engaged in said dangerous occupation, or to provide any safety device whatever to prevent injuries to said intestate engaged in cleaning said windows on the outside; and third, that defendant failed to employ sufficient help so as to give deceased sufficient time to safety clean its windows on the outside. The court excluded this third ground of negligence entirely from the case.

Section 505 of the ordinances of Cincinnati was intro- duced, by which it is provided:

"In every fireproof or semi-fireproof building now in exist- ence or hereafter erected, every window above the second story thereof shall be equipped with a suitable device which will per- mit the cleaning of the exterior of such windows without en- dangering life and limb. Provided, however, that such device need not be placed on any window that can be easily cleaned from within."

Evidence was introduced to show, first, that the windows of said building could be easily cleaned from within by stand- ing on the sill inside and reaching over to clean the top part of each window sash on the outside and by sitting in the window to clean the bottom part of each of the sashes on the outside. There was evidence on the part of the plaintiff that this could not easily be done, and on the part of the defendant that it might be so cleaned. A device consisting of a platform to be placed on the window sill and fastened by screws, to be moved from one window to another as the cleaning progressed, was in- troduced by the defendant, and there is no question but that plaintiff's intestate had opportunity to use it had he so desired, but the testimony of the superintendent of the building was to the effect that he had declined to use it and had also declined the proffer of a safety belt which said superintendent had offered to get for his use, stating that he did not desire to be bothered with either. There is also testimony to show that there was a rule of the building company providing that no employe should stand on the sills for the purpose of washing windows, which were to be washed from the inside, and that plaintiff was advised of this rule and threatened with dis- charge if he violated it.

The court is of the opinion, that there is not sufficient evi- dence to show that the death of the deceased was attributable to any negligence of the defendant. There is no evidence to show that the decedent fell from the window. The bucket, rag and chamois were found in room 203 of the building, and a footprint was seen in the snow on the window sill of a window in that room, but there is no testimony to show that that win-

Building Co. v. Roudebush.

dow was open or that it had in any way been washed on that day, nor is there any testimony to show that the decedent fell upon the sidewalk. The only evidence is that he was found in the lobby of the building, or was brought in the lobby and placed in a chair. As to how he received his injury is a pure matter of conjecture. Whether he fell from a window, purposely jumped from a window, or whether he fell down the stairs or down an elevator shaft is a matter of speculation and not of proof.

There is no evidence to show whether the snow that was on the window sill was hard and slippery or whether it was soft and not dangerous, nor is there any evidence to show whether he had been seated on that sill, or whether the footprint on there was his footprint or that of someone else.

In this state of the evidence the court must find that the verdict and judgment below is not sustained by the evidence. While it is true that an allegation of fact may be established by circumstantial evidence, the circumstances to have that effect must be such as to make the fact alleged appear more probable than any other. The fact in issue must be the most natural sequence from the facts proved.

To establish negligence there should be either direct proof of facts constituting such negligence, or proof of facts from which the negligence may be reasonably presumed. There should be no guessing by either court or jury. *Cleveland, Term. & V. Ry. v. Marsh,* 63 Ohio St. 236 [58 N. E. Rep. 821; 52 L. R. A. 142]; *Lake Shore & M. S. Ry. v. Andrews,* 58 Ohio St. 426 [51 N. E. Rep. 26]; *Crawford v. Railway,* 13-23 O. C. C. 207 (3 N. S. 144); *Gerwe v. Fireworks Co.* 5 Circ. Dec. 616 (12 R. 420); *Hunt v. Caldwell,* 11 Circ. Dec. 562 (22 R. 283).

The judgment below will therefore be reversed, and the case remanded for a new trial.

**Jones, E. H.,** concurs.